# Wytheville.

## BOARD OF SUPERVISORS OF NORFOLK COUNTY v. COX.

### JUNE 14, 1900.

1. CONDEMNATION PROCEEDINGS—*Site for Court-House, Clerk's Office and Jail.*—The Board of Supervisors of a county may, on application to the proper tribunal, have land condemned which has been selected by them for the location of the court-house, clerk's office and jail of the county.

2. COUNTIES—*Public Buildings—Location—City within County Limits—County Court-House within City Limits—Condemnation—Removal of Records.*—The clerk's office of a county must be kept at its court-house, except in case of certain emergencies, and the court-house must be located within the boundaries of the county, but the fact that a city is established within the territorial limits of a county does not alter the boundaries of the county, nor curtail its territorial limits, although its court is deprived of jurisdiction, civil and criminal, within the limits of the city. The county may still keep its court-house and other public buildings, and hold its court within the city limits. If additional land within the city limits is needed for its clerk's office, and the same cannot be purchased of the owner, it may be condemned by proper proceedings for the purpose. The removal of the records to such clerk's office, when erected, is not such a removal of them out of the county as is prohibited by law.

Error to a judgment of the Hustings Court of the city of Portsmouth, rendered September 11, 1899, in a condemnation proceeding, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*Crocker & Crocker,* for the plaintiff in error.

*Watts & Hatton* and *R. C. Barlow*, for the defendant in error.

Riely, J., delivered the opinion of the court.

It appears from an act of the General Assembly establishing the town of Portsmouth, in the county of Norfolk, enacted in February, 1752, that William Crawford, the founder of the town, in laying it out, gave a site for a court-house. 6 Hening's Statutes, 265.

The court-house of Norfolk county was erected within the said town, but whether it was built upon the said site or not, does not appear from the record. This, however, is not material to the determination of the question for decision.

In the year 1858, the town of Portsmouth was incorporated by the General Assembly, as the City of Portsmouth. (Acts 1857-'58, p. 163.) By a supplemental act, (page 173) it was provided that all the real estate accumulated by the county during the union of the town and county should belong jointly and equally to the county and the said city; and it was further provided that, until the County Court should change the seat of justice from its location in the city of Portsmouth, the court-house and jail in the said city should be jointly possessed, employed, and appropriated by all the courts of the county and city, and their several officers, and that the County Court might continue to hold its terms and sessions in the said court-house, and employ the said jail jointly with the courts of the said city, as they did prior to the passage of the act incorporating the city of Portsmouth. (Acts 1857-'58, ch. 266, sec. 9.)

Upon the court-house lot, the county of Norfolk built its clerk's office; and at a meeting of the Board of Supervisors of the county, held on July 24, 1899, it was resolved as the sense of the board that it was necessary that the clerk's office should be enlarged, and that for this purpose it was necessary to acquire by purchase or condemnation, the lot of the defendant in error, lying adjacent to and west of the court-house lot. Being unable

to agree with the owner on the terms of its purchase, the board made application to the Hustings Court of the city of Portsmouth, in accordance with the provisions of section 1074 of the Code, for the appointment of five disinterested freeholders to ascertain a just compensation to the owner for the said lot. The court refused to appoint them, and dismissed the application of the board, upon the ground that there was no authority to condemn land situate in the *city* for the purpose of enlarging the clerk's office of the *county*.

The law makes it the duty of the Board of Supervisors of every county to provide a court-house, clerk's office, and jail; and to that end authorizes the board to purchase such real estate as may be necessary for the erection of all necessary county buildings, which, with what the county has, will make two acres, and so much thereof as may be necessary shall be occupied with the court-house, clerk's office and jail. Code, secs. 834, 925.

Section 3176 provides that the clerk's office of the court of every county and corporation shall be kept at the court-house of the county or corporation, unless there shall have been a failure by the proper authority to provide such office there, in which case, the clerk's office may be kept at such other place within the county or corporation as the court may direct.

It thus appears that the law, for the subserviance of the public convenience, requires that the clerk's office of a county or city shall be kept at the court-house of the county or corporation, as the case may be.

When an agreement cannot be made with a person entitled to land, which is needed by a county for the erection thereon of its necessary public buildings, provision is made by section 1074 of the Code for the application to the court of the county or corporation in which such land, or the greater part thereof, lies, for the appointment of commissioners to ascertain a just compensation for such land. This statute has been construed by this court to authorize the application by the Board of Super-

visors of a county to the proper tribunal for the condemnation of land, which it may have selected for the location of the court-house, clerk's office, and jail of the county. *Supervisors of Culpeper County* v. *Gorrell,* 20 Gratt. 484.

The statutes referred to do not in themselves confine the selection by the board to land for said purposes within any specified area, or to any particular locality, but it results from other statutes that the court-house, clerk's office and jail shall be located within the limits of the county.

Section 3116 is as follows: " Every circuit, county, or corporation court, for any county or corporation, shall be held at the court-house of such county or corporation, except where some other place is prescribed by law, or lawfully appointed," and section 3120 provides that "no such place of session, for a circuit, county or corporation court, shall be without the limits of the county or corporation of which it is the court."

It follows, therefore, that a clerk's office of a county shall be kept at its court-house, and that its court-house must be located within the boundaries of the county.

It was urged in argument that the condemnation of the land in question to enable the Board of Supervisors to enlarge the clerk's office of the county would result in a conflict of jurisdiction over the locality between its court and the court of the corporation; and would also be in violation of the provisions of section 3178, which prohibits the removal of the records and papers of a court out of the county or corporation wherein the clerk's office is kept, except on an occasion of invasion or insurrection, where, in the opinion of the court, or in a very sudden case, of the clerk, the same will be endangered, after which they are to be returned so soon as the danger ceases; and except in such other cases as are specially provided by law. Neither of these contentions is well founded.

The land, which it is sought to condemn, being within the territorial limits of the city and subject to the jurisdiction of its

court, the court of the county would not acquire, nor the court of the city lose, its jurisdiction over the locality by the condemnation. The court-house and other public buildings of a number of the counties of the State are situated in cities within the territorial limits of the counties, and it has been held by this court that jurisdiction over the locality is in the court of the city, and not in the court of the county. *Fitch's Case,* 92 Va. 824; and *Chahoon's Case,* 20 Gratt. 733.

Nor does the keeping of the records and papers of the courts of a county in its clerk's office at the court-house of the county, which was duly located at a place within the county that was subsequently embraced within the territorial limits of a city thereafter incorporated, nor would the keeping of a portion of the records and papers in an extension of the clerk's office, offend against the provisions of section 3178. Neither the keeping of the records and papers of the courts of a county in a clerk's office so located, nor the transfer of a portion of them for preservation to an extension thereof, constitute in the most technical sense such removal of them as is prohibited by section 3178. The statute only prohibits the removal of the records and papers of a court out of the county or corporation wherein the clerk's office is kept. The court-house and clerk's office, although situate within the limits of the city and the jurisdiction of its court, are, nevertheless, also within the territorial limits of the county. The fact that a city is established within the territorial limits of a county does not alter the boundaries of the county, nor curtail its territorial limits, although its court, by the incorporation of the city, is deprived of civil and criminal jurisdiction within the limits of the city.

The right of the Board of Supervisors to have the lot of the defendant in error condemned to enable the board to enlarge the clerk's office of the county to meet its necessities, which is, as is required by law, now kept at the court-house of the county, is plain from the statutes relating to the subject; and it is well

that this is so, for otherwise the board would have to remove the court-house of the county outside of the limits of the city, in order to acquire land for the enlargement of the clerk's office to sufficient dimensions to hold the records and papers of the courts of the county, although its court-house was duly located very many years ago in the town of Portsmouth, long prior to the incorporation of the town as the City of Portsmouth, and although the very act incorporating the town into a city expressly provides that the said courthouse shall be jointly "possessed, employed, and appropriated" by all the courts of the county and city, and that the County Court may continue to hold its terms and sessions in the said court-house.

The judgment of the Hustings Court must be reversed, and the application of the Board of Supervisors for the condemnation of the lot of the appellee be reinstated, and proceeded with in accordance with the statutes in such case made and provided.

*Reversed.*